IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG CAT RESCUE CORP.,
a Florida not for profit corporation,

    Plaintiff,

vs.                                  CASE NO. _____

BIG CAT RESCUE
ENTERTAINMENT GROUP,
INC., an Oklahoma Corporation,
G.W. EXOTIC MEMORIAL ANIMAL
FOUNDATION d/b/a Big Cat Rescue
Entertainment Group, an Oklahoma
Corporation, JOE SCHREIBVOGEL,
a/k/a Joe Exotic a/k/a Aarron Alex a/k/a
Cody Ryan, individually, BETH CORLEY,
individually, and VICKY WELCH,
individually,

    Defendants.
_____)

## COMPLAINT

Plaintiff, BIG CAT RESCUE CORP., a Florida not-for-profit corporation, sues Defendants, BIG CAT RESCUE ENTERTAINMENT GROUP, INC., an Oklahoma corporation, G.W. EXOTIC MEMORIAL ANIMAL FOUNDATION d/b/a Big Cat Rescue Entertainment Group, an Oklahoma Corporation, JOE SCHREIBVOGEL a/k/a Joe Exotic a/k/a Aaron Alex a/k/a Cody Ryan, individually, BETH CORLEY, individually, and VICKY WELCH, individually, and alleges:

### PARTIES

1.    Plaintiff, BIG CAT RESCUE CORP. ("BCR Corp"), is a not-for-profit corporation duly organized under the laws of the state of Florida which maintains its

principal place of business at 12802 Easy Street, Tampa, Florida 33625. BCR Corp's Chief Executive Office is Carole Baskin.

2.  Defendant, BIG CAT RESCUE ENTERTAINMENT GROUP, INC., ("BCR Entertainment"), is a corporation organized under the laws of the State of Oklahoma with its principal place of business at 25803 N. CR 3250, Wynnewood, Oklahoma 73098.

3.  Defendant, G.W. EXOTIC ANIMAL MEMORIAL FOUNDATION ("GWE"), is a corporation organized under the laws of the State of Oklahoma with its principal place of business at 25803 N. CR 3250, Wynnewood, Oklahoma 73098. In the Spring of 2010, GWE filed the trade names "Big Cat Rescue Entertainment" and "The Caroll Baskin Entertainment Group" with the Oklahoma Secretary of State.

4.  Defendant JOE SCHREIBVOGEL ("Schreibvogel") is an individual residing in Wynnewood, Oklahoma. At various times, Schriebvogel has employed the following aliases: "Joe Exotic," "Aarron Alex" and "Cody Ryan." Schreibvogel is an incorporator of both BCR Entertainment and GWE. Upon information and belief, Schreibvogel is an officer and shareholder in, and employee of both BCR Entertainment and GWE and all of his actions which are the subject of this lawsuit were undertaken in his capacity as an officer and agent of BCR Entertainment and GWE.

5.  Defendant BETH CORLEY ("Corley") is an individual who, upon information and belief, resides in Wynnewood, Oklahoma. Corley holds a license from the U.S. Department of Agriculture for the breeding and exhibition of exotic animals. Upon information and belief, BCR Entertainment has exhibited exotic animals using Corley's USDA license. Corley has been identified alternatively as "Director" and a

"worker" for BCR Entertainment. Corley maintains and houses her exotic animals at the GWE facility in Wynnewood, Oklahoma.

6. Defendant VICKY WELCH ("Welch") is an individual who, upon information and belief, resides in Wynnewood, Oklahoma. Welch is the registered owner of the URL www.tigersinneed.org. BCR Entertainment uses the www.tigersinneed.com URL on its business cards and advertising materials.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under the provisions of 15 U.S.C § 1121, 28 U.S.C. §§ 1338(a) & 1367.

8. Defendants are subject to the personal jurisdiction of this Court pursuant to the Florida Long Arm Statute, Fla. Stat. § 48.193(2010). Specifically, at all times relevant, Defendants have continuously and regularly engaged in substantial and not isolated business activities within the State of Florida. For example, the only telephone number advertised for Defendant BCR Entertainment is in area code 813. The website used and promoted by Defendant BCR Entertainment and registered to Defendant Welch, www.tigersinneed.com, solely lists a Florida office. Additionally, Defendants are personally subject to the jurisdiction of this Court because they have committed tortious acts causing injury within the State of Florida by advertising, promoting, marketing and offering the exhibition of exotic animals which infringe and violate BCR Corp's trademark and service mark rights.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) & 1391(c) and in this Division pursuant to Local Rule 1.02, M.D.Fla. Local Rules.

## GENERAL ALLEGATIONS

10. Initially formed in 1995, BCR Corp is a not for profit organization registered with the IRS as a §501(c)(3) entity. The mission of BCR Corp is to provide the best home they can for the animals in their care and to reduce the number of cats that suffer the fate of abuse, abandonment or extinction by teaching people about the plight of the cats, both in the wild and in captivity, and how they can help through their behavior and support of better laws to protect the cats.

11. Since at least as early as November 2003, BCR Corp has prominently advertised, marketed and promoted itself under the mark: BIG CAT RESCUE. Due to pervasive, continuous and exclusive use of the BIG CAT RESCUE mark by BCR Corp in interstate commerce, the not for profit services offered by BCR Corp in fulfilling its mission have come to be associated exclusively with BCR Corp. The BIG CAT RESCUE mark has come to be recognized by the relevant public as identifying the services offered by BCR Corp. Indeed, the BIG CAT RESCUE mark constitutes an asset of significant goodwill for BCR Corp.

12. BCR is the owner of the federally registered mark:



Reg. No. 2,918,642. While BCR Corp's registered design mark disclaims exclusive rights to the words: "Big Cat Rescue," BCR Corp expressly claims rights to the words in the design mark depicted above. BCR Corp's registered mark is on the Principal Register

4

of the United States Patent and Trademark Office, remains in full force and good standing, and has achieved incontestable status under 15 U.S.C. § 1065.

13. As part of its mission, BCR Corp engages in a public awareness campaign seeking to call attention to the exploitation of exotic feline animals such as lions and tigers. As a direct consequence of its public awareness campaign, BCR Corp has incurred the ire of those who seek to profit and reap pecuniary gain from the exploitation of such exotic animals. Among the exploiters of exotic animals that BCR Corp has exposed to public scrutiny are Defendants GWE and Schreibvogel.

14. Defendants GWE and Schreibvogel have been engaged in a counter-campaign of disinformation, misinformation and disparagement seeking to deflect criticism of their exploitative conduct by attempting to diminish the credibility and goodwill of BCR Corp.

15. In early 2010, Defendants GWE and Schreibvogel conceived of a plan to harm the credibility and goodwill of BCR Corp by causing public confusion through the adoption of a misleading and confusing name, BIG CAT RESCUE ENTERTAINMENT, to be utilized in the very exploitative exhibition of exotic animals that BCR Corp seeks to eradicate. By so doing, Defendants sought to disparage BCR Corp and dilute the goodwill in its BIG CAT RESCUE mark and federally registered mark by causing the public to mistakenly believe that BCR Corp was engaged in the despicable exploitation of exotic animals. Indeed, while employing one of his aliases, Joe Exotic, Defendant Schreibvogel boasted on Facebook.com that he "registered the Big Cat Rescue Entertainment" name so BCR Corp "could ruin" its goodwill "on google all by your self [sic], and it is working."

16. Initially, Defendant GWE sought to register the deceptive and confusingly

similar BIG CAT RESCUE ENTERTAINMENT name itself in Oklahoma. Upon information and belief, the Defendants concluded that they could create a legal buffer for themselves by incorporating under the BIG CAT RESCUE ENTERTAINMENT name. To effect this strategy, Defendant GWE dropped its trade name filing, although it retained its trade name filing for "The Caroll Baskin Entertainment Group;" presumably a back-up filing to allow Defendant GWE to disparage BCR Corp's CEO in a similar fashion, if required.

17. After enlisting the aid of Defendants Corley and Welch, Defendants embarked on a conscious plan to exploit exotic animals through commercial exhibitions across the United States under the deceptive and confusingly similar name BIG CAT RESCUE ENTERTAINMENT. As components of this scheme, Defendants:

    a. Adopted a design depiction of the deceptive and confusingly similar BIG CAT RESCUE ENTERTAINMENT name in a style intended to copy BCR Corp's federally registered design mark:



    b. Utilized a photo of a snow leopard's eyes virtually identical to the photograph of a snow leopard that is used as the focal point of BCR Corp's

6

website: www.bigcatrescue.org.

c. Purchased a Florida telephone number in the 813 area code and have "Florida Office" printed above it on marketing materials to further cause the public to mistakenly believe that Defendants' business was the same as or affiliated with BCR Corp.

18. Since at least October 27 2010, Defendants have conducted commercial exhibitions of exotic animals using animals from Defendant GWE and/or Defendant Corley at various locations under the deceptive and confusingly similar name: BIG CAT RESCUE ENTERTAINMENT.

## COUNT I

### Infringement of Federally Registered Trademark

19. Paragraphs 1 through 18 are incorporated and realleged by reference.

20. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§ 1116-18, inclusive.

21. Defendants' use of the BIG CAT RESCUE ENTERTAINMENT mark in advertising and promoting its exhibitions of exotic animals constitutes the use, without the Plaintiff/Registrant's approval, of a colorable imitation of Plaintiffs registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services in a manner likely to cause confusion or mistake, or to deceive as to the source or origin of such goods or services.

22. Defendants' conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable and immediate injury

to Plaintiff for which Plaintiff has no adequate remedy at law.

23.     Plaintiff has been damaged by Defendants' infringement of its registered mark.

24.     Defendants' conduct was willful, intentional and with full knowledge of BCR Corp's superior rights.

## COUNT II

### False Designation of Origin
### Under § 43(a) of the Lanham Act

25.     Paragraphs 1 through 24 are incorporated and realleged by reference.

26.     This is an action for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.     BCR Corp's marks have become uniquely associated with and identifies BCR Corp and its services.

28.     Defendants' use of BCR Corp's stylized BIG CAT RESCUE mark along with the prominent snow leopard photograph and 813 area code telephone number and "Florida Office" printed above the phone number on marketing materials constitutes the use of false designation of origin in violation of 15 U.S.C. § 1125(a).

29.     Defendants' conduct is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Defendants and their exploitative exhibition of exotic animals with BCR Corp or as to the origin sponsorship, or approval of Defendants' commercial activities by BCR Corp.

30.     Defendants' infringing and violative conduct has caused irreparable and immediate injury to BCR Corp for which it has no adequate remedy at law.

31.     BCR Corp has suffered damages as a result of Defendants' violation of 15

U.S.C. § 1125(a).

32. Defendants' conduct was willful, intentional and with full knowledge of Plaintiff's superior rights.

## COUNT III

### Common Law Unfair Competition

33. Paragraphs 1 through 32 are incorporated and realleged by reference.

34. This count arises under the Florida common law of unfair competition. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

35. By committing the acts herein alleged, Defendants are guilty of unfair competition, deceptive advertising and unfair trade practices, in violation of the Florida common law of unfair competition.

36. Defendants' acts of unfair competition are likely to cause confusion, deception and mistake, and have caused, and will continue to cause, irreparable and immediate injury to BCR Corp for which it has no adequate remedy at law.

37. BCR Corp has suffered damage as a result of Defendants' acts of unfair competition.

38. Defendants' acts of unfair competition are in willful and wanton disregard of BCR Corp's rights.

## COUNT IV

### Common Law Trademark Infringment

39. Paragraphs 1 through 38 are incorporated and realleged by reference.

40. This count arises under Florida common law trademark infringement. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

41. BCR Corp's BIG CAT RESCUE mark is subject to common law trademark protection.

42. Defendants' conduct is likely to cause confusion, deception and mistake, and has caused, and will continue to cause, irreparable and immediate injury to BCR Corp for which it has no adequate remedy at law.

43. BCR Corp has suffered damage as a result of Defendants' acts of unfair competition.

44. Defendants' acts of common law trademark infringement are in willful and wanton disregard of BCR Corp's rights.

## PRAYER AS TO ALL COUNTS

WHEREFORE, Plaintiff demands:

a. That Defendants, their agents, servants, employees and, attorneys, and all those persons in active concert or participation with it, be temporarily and thereafter, permanently enjoined and restrained from:

(1) Using the "BIG CAT RESCUE" design mark, the phrase " BIG CAT RESCUE", or any confusingly similar design alone or in combination with other words as a service mark, trademark, trade name, component or otherwise, to mark it, advertise or otherwise identify Defendants' services;

(2) Otherwise infringing the " BIG CAT RESCUE" mark;

(3) Unfairly competing with Plaintiff in any manner whatsoever; and

(4) Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's mark;

b. That Defendants be required to recall from their customers and deliver up and destroy all devices, literature and advertising and other material bearing the infringing designation;

c. That Plaintiff be awarded its damages and Defendants' profits, and that this award of damages and profits be trebled pursuant to 15 U.S.C. § 1117(a);

d. That Plaintiff be awarded a reasonable attorney's fee pursuant to 15 U.S.C. § 1117;

e. That Plaintiff has and recover its costs in this action pursuant to 15 U.S.C. § 1117 and Fed. R. Civ. P. 54(d)(1);

f. That Plaintiff be awarded punitive damages in excess of $1 million; and

g. That Plaintiff has such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

                                                  */s/ Frank R. Jakes*
                                                  Frank R. Jakes
                                                  Florida Bar No. 372226
                                                  E-Mail: FrankJ@jpfirm.com
                                                  JOHNSON, POPE, BOKOR,
                                                  RUPPEL & BURNS, LLP
                                                  P.O. Box 1100
                                                  Tampa, FL 33601-1100
                                                  TEL: (813) 225-2500
                                                  FAX: (813) 223-7118
                                                  Attorneys for Plaintiff