**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BIG CAT RESCUE CORP.,
a Florida not-for-profit corporation,

      Plaintiff,

                                        Case No. 8:11-cv-00209-JDW-MAP

vs.

BIG CAT RESCUE ENTERTAINMENT
GROUP, INC., an Oklahoma corporation;
G.W. EXOTIC MEMORIAL ANIMAL
FOUNDATION d/b/a Big Cat Rescue
Entertainment Group, an Oklahoma corporation;
JOE SCHREIBVOGEL, a/k/a Joe Exotic
a/k/a Aarron Alex a/k/a Cody Ryan,
individually,

      Defendants.

_____/

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

      Defendant, BIG CAT RESCUE ENTERTAINMENT GROUP, INC. (hereinafter "BCR

Entertainment"), an Oklahoma corporation; G.W. EXOTIC MEMORIAL ANIMAL

FOUNDATION d/b/a Big Cat Rescue Entertainment Group (hereinafter "GWE"), an Oklahoma

corporation; and JOE SCHREIBVOGEL, a/k/a Joe Exotic a/k/a Aarron Alex a/k/a Cody Ryan,

individually (hereinafter "SCHREIBVOGEL")  by and through undersigned counsel, hereby file

their Answer, Affirmative Defenses, and Counterclaim and states as follows:

### ANSWER

      1.      Defendants lack sufficient knowledge as to the truth or falsity of the allegations

contained in Paragraph 1; therefore such allegations are denied.

      2.      Admitted.

      3.      Admitted.

4.      SCHREIBVOGEL admits that he resides in Wynnewood Oklahoma and has gone by the names Joe Exotic, Aarron Alex, and Cody Ryan during performances of his professional magic act. Additionally, SCHREIBVOGEL admits that his affiliation with GWE is president of the board and park director. Further, SCHREIBVOGEL admits that he is affiliated with BCR Entertainment, however, denies any affiliation inconsistent with the Articles of Incorporation for BCR Entertainment. SCHREIBVOGEL denies all remaining allegations of this paragraph.

5.      Defendants neither admit nor deny the remaining allegations of this paragraph as they do not pertain to a Defendant in this matter. To the extent a response to the remaining allegations is required, without knowledge, therefore, denied.

6.      Defendant admits that BCR Entertainment uses the tigersinneed.org on its promotional pieces. Defendants neither admit nor deny the remaining allegations of this paragraph as they do not pertain to a Defendant in this matter. To the extent a response to the remaining allegations is required, without knowledge, therefore, denied.

7.      Defendants stipulate that this Court has jurisdiction over this matter.

8.      Defendants stipulate that they are subject to the personal jurisdiction of this Court solely for the purposes of this litigation. Further, BCR Entertainment admits that it uses a telephone number in the 813 area code. Defendants deny all remaining allegations of this paragraph.

9.      Defendants stipulate that this Venue is appropriate for this matter.

10.     Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in this paragraph, therefore denied.

11.     Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in this paragraph, therefore denied.

12.     Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in this paragraph, therefore denied.

13.     Defendants object to the characterization of GWE and SCHREIBVOGEL as "exploiters of exotic animals" as argumentative and state their denial of the same. As to the remaining allegations of this paragraph, Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in this paragraph, therefore denied.

14.     Denied.

15.     Denied.

16.     Defendants admit that, in 2010, GWE filed for a fictitious name and d/b/a under BCR Entertainment. Defendants deny all allegations pertaining to any corporate filings involving the Defendant to the extent that they are inconsistent with the public record. Further, Defendants deny all remaining allegations of this paragraph.

17.     (a)(b) and (c) Defendants admit that the BCR Entertainment design depicts leopard's eyes and that an 813 area code and the words "Florida Office" were placed on some of the marketing materials in order to facilitate booking Florida fairs. Defendants deny all remaining allegations of this paragraph.

18.     Defendants admit that GWE provides care and shelter for exotic animals that might otherwise suffer from a lack of proper care, and operates an exotic species park which houses and cares for approximately 1400 animals, including big cats.  Defendants also admit that BCR Entertainment operates a traveling magic show incorporating big cats, which provides education to the public regarding the dangers of keeping big cats as household pets. Further, Defendants admit that BCR Entertainment raises money to support GWE. Defendants deny all remaining allegations of this paragraph.

## COUNT I
## Infringement of Federally Registered Trademark

19.     Defendants re-allege and incorporate by reference its responses to paragraphs 1 through 18 above as if fully set forth herein.

20.     Admitted that Plaintiff brings this claim for trademark infringement under 15 U.S.C. §§ 1116-1118, however denied that such action is properly brought against Defendants.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## COUNT II
## False Designation of Origin
## Under § 43(a) of the Lanham Act

25.     Defendants re-allege and incorporate by reference its responses to paragraphs 1 through 18 above as if fully set forth herein.

26.     Admitted that Plaintiff brings this claim for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), however denied that such action is properly brought against Defendants.

27.     Defendants lack sufficient knowledge as to the truth or falsity of the allegations contained in this paragraph, therefore denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

## COUNT III
## Common Law Unfair Competition

33.     Defendants re-allege and incorporate by reference its responses to paragraphs 1 through 18 above as if fully set forth herein.

34.     Admitted that Plaintiff brings this claim for common law unfair competition and that jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b), however denied that such action is properly brought against Defendants.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT IV
## Common Law Trademark Infringement

39.     Defendants re-allege and incorporate by reference its responses to paragraphs 1 through 18 above as if fully set forth herein.

40.     Admitted that Plaintiff brings this claim for common law trademark infringement and that jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b), however denied that such action is properly brought against Defendants.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

In regard to the WHEREFORE clause after Paragraph 44 of the Complaint, Defendants deny Plaintiff is entitled to any such relief.

### FACTUAL ALLEGATIONS COMMON TO ALL AFFIRMATIVE DEFENSES AND COUNTERCLAIM

1.      SCHREIBVOGEL is the president of BCR Entertainment and GWE, both of which are Oklahoma not-for-profit corporations with their principal place of business located at 25803 North County Road 3250, Wynnewood, Oklahoma 73098.

2.      GWE provides care and shelter for exotic animals that might otherwise suffer from a lack of proper care, and operates an exotic species park which houses and cares for approximately 1400 animals, including big cats.

3.      BCR Entertainment operates a traveling magic show incorporating big cats, which provides education to the public regarding the dangers of keeping big cats as household pets, and raises money to support GWE.

4.      In 1999, SCHREIBVOGEL obtained a USDA license, which identifies over 400 animals kept under the care of GWE, and began a traveling road show of animal displays, in order to fund the adoption of unwanted animals.

5.      Along with the traveling magic show and the traveling road show, SCHREIBVOGEL charges admission to the GWE facility, hosts fund-raising events, and obtains charitable contributions to fund the operation of GWE.

6.      The success of GWE is largely dependent upon SCHREIBVOGEL's ability to book a continuous stream of road shows at malls and county fairs across the United States.

7.      Upon information and belief, BCR Corp. is an organization with goals similar to GWE and BCR Entertainment.

8.      Upon information and belief, Carole Baskin is the Chief Executive Officer of BCR Corp, and, as such, all of her actions which are the subject of this lawsuit were undertaken in her capacity as an officer and agent of BCR Corp.

9.      Upon information and belief, Julie Hanan is an employee of BCR Corp, and, as such, all of her actions which are the subject of this lawsuit were undertaken in her capacity as an agent of Carole Baskin and BCR Corp.

10.      BCR Corp has launched a campaign to systematically injure the reputation and successful operation of SCHREIBVOGEL, GWE, and BCR Entertainment by publishing false allegations about the Defendants and aggressively encouraging others to aid in interfering with the Defendants' business relationships by threats and harassment.   Some instances of these actions are listed below, however, this is not an all inclusive list:

a.      On September 25, 2009, Julie Hanan wrote an email to a business associate of SCHREIBVOGEL stating that he has been fined $25,000 for violations, and describing his operation as a "puppy mill churning out dangerous carnivores."

b.      On December 17, 2009 BCR Corp published an article stating that GWE is not an accredited sanctuary.

c.      On June 10, 2009 BCR published a statement on its Facebook page indicating that Heartland Mall (a customer of BCR Entertainment) is Heartless to Cubs and asking people to "let them know why" and further describing BCR Entertainment's method of requesting payment to play with a cub, as a scheme.

d.      On July 22, 2010 BCR Corp published an article describing the 1140 emails they caused to be sent to Davis County News Media and officials complaining about

the upcoming fair because it had booked GWE. In the article, BCR Corp alleges that GWE is notorious for USDA fines and abuse as well as public endangerment.

e.     On October 15, 2010 SCHREIBVOGEL received an email from one of his customers, Braun Roosa of Mounds Mall explaining that he got a negative call regarding the show and wanting to know how to respond.

f.     On October 19, 2010 Braun Roosa of Mounds Mall stated that he received 144 separate emails with the same message entitled "no mall should endorse animal abuse" and stating that they are shocked that the mall has SCHREIBVOGEL's exhibit scheduled knowing the cruel reality behind the baby tiger exhibits. The same email accuses SCHREIBVOGEL of using over 30 aliases.

g.     On November 1, 2010, Mounds Mall received an email directly from Carol Baskin threatening that if they won't do the right thing to protect the animals, then hopefully they will do the right thing and protect their own reputation…

h.     On November 5, 2010, 911animal abuse.com, a website created by BCR Corp listed all the venues that booked SCHREIBVOGEL, GWE and/or BCR Entertainment from 2007 to 2010 in Michigan, Indiana, Ohio, Texas, Oklahoma, Illinois, South Dakota, and Michigan, Wisconsin—and encouraged those "opposed to this kind of abuse" to let the malls know.

i.     On January 25, 2011 BCR Corp published an article begging people to contact Fremont Mall in Nebraska to express their outrage that they plan on hosting a pet and play exhibit of wild animals [Defendants' exhibit] over the weekend.

j.     On or about February 3, 2011 Platte River Mall, a customer of GWE, decided to no longer continue a working relationship with GWE based on harassing calls and

emails from BCR, as evidenced in an email between Platte River Mall and Bobbi Corona, an employee of GWE.

k.      On February 10, 2011, 911animalabuse.com sent an email to Shop Hutch Mall, a customer of SCHREIBVOGEL, wherein it calls the practices of SCHREIBVOGEL unscrupulous and inhumane.

l.      On March 23, 2011, 4thebigcattimes, another website controlled by BCR, posted articles from BCR--one of which is entitled "lawsuit update" and states "as part of our advocacy on behalf of the cubs, we have been contacting malls that have allowed this abusive display and we are educating them about why this should not be permitted. To date, ten malls who have previously allowed the display have committed not to do so in the future."

m.      On January 27, 2011 BCR posted an article alleging SCHREIBVOGEL of committing tiger cub abuse and calling him an incessant breeder who either sells these tigers to private zoos or keeps them in deplorable conditions.

n.      On January 28, 2011, Ledith Whitehall, a customer of SCHREIBVOGEL decided she would not be attending the show scheduled at Catfish Bend Casino at Pzazz after reading articles from 911animalabuse. She, further, explains to Pzazz, a client of SCHREIBVOGEL's, that letting [SHREIBVOGEL] run an illegal scam from the building, will  only result in bad press for the entire organization.

o.      On April 16, 2011 BCR posted an article entitled "Pzazz Resort Hotel is Hosting Cruel Tiger Cub Exhibit" encouraging others to tell the hotel to end their exhibit. In the article, Carole Baskin states that 23 of SHREIBVOGEL's cubs died in 2010 and are subject to a USDA investigation. She also states that when the

exhibit was at the mall the October before, some cubs were sick with diarrhea. Documents evidencing the above mentioned publications and communications are attached hereto as **Composite Exhibit "A."**

11.     BCR Corp's actions, including those described above, were unconscionable and done in bad faith.

12.     BCR Corp's actions have caused damage to SCHREIBVOGEL, GWE, and BCR Entertainment. Specifically, these Defendants have lost revenue from the malls, fairgrounds and casinos they had come to rely on for funding. Some examples of the loss of revenue these Defendants have suffered is as follows, however, this is not an all inclusive list:

a.      BCR Entertainment had a three year contract with 160 general properties with revenue averaging $14,500.00 per property annually. This contract was lost due to harassment from BCR Corp.

b.      BCR Entertainment had a three year contract with 55 malls with revenue averaging $12,944.50 per property annually. This contract was lost due to harassment from BCR Corp.

c.      BCR Entertainment had a three year contract with 50 properties around the Oklahoma and Dallas/Fort Worth area with revenue averaging $3,000.00 per property annually. This contract was lost due to harassment from BCR Corp.

13.     In 2010 GWE filed the fictitious name, BCR Entertainment, to combine the traveling magic show and the traveling road show. At the time, at least two other Florida entities used the name "Big Cat Rescue" to describe their operations.

14.     Upon information and belief, BCR Corp has done nothing to prevent the other Florida entity from using "Big Cat Rescue" to describe its operations.

15.     BCR Corp's registered design mark *disclaims* exclusive rights to the words "Big Cat Rescue." (Complaint ¶ 12) (*emphasis added*).

16.     BCR Entertainment uses the words "Big Cat Rescue" in good faith to describe its business in combining "big cats" that SCHREIBVOGEL "rescued" and uses as part of the "entertainment" in his traveling shows.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting that Defendants are liable to Plaintiff because Plaintiff has unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's mark is a generic term without the capacity to function as a source identifier or achieve secondary meaning.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's mark is merely descriptive and cannot be protected because plaintiff has not demonstrated that the mark has acquired secondary meaning or distinctiveness.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to police third-party uses and naked licensing.

### SIXTH AFFIRMATIVE DEFENSE

Defendants use of the descriptor "Big Cat Rescue" is Descriptive Fair Use, which is protected under § 33(b)(4) of the Lanham Act..

## COUNTERCLAIM

COMES NOW, Defendants/Counter-Plaintiffs, BIG CAT RESCUE ENTERTAINMENT GROUP, INC. (hereinafter "BCR Entertainment"), formerly, an Oklahoma corporation; G.W. EXOTIC MEMORIAL ANIMAL FOUNDATION d/b/a Big Cat Rescue Entertainment Group (hereinafter "GWE"), an Oklahoma corporation; and JOE SCHREIBVOGEL, a/k/a Joe Exotic a/k/a Aarron Alex a/k/a Cody Ryan, individually (hereinafter "SCHREIBVOGEL") by and through their undersigned counsel, and hereby sue Plaintiff/Counter-Defendant, BIG CAT RESCUE CORP.,

a Florida not-for-profit corporation, and state as follows:

## GENERAL ALLEGATIONS

17.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations Common to All Affirmative Defenses and Counterclaim as if fully set forth herein.

18.     This is an action for damages exceeding $15,000.00 exclusive of attorneys fees, interest and costs, and for equitable relief, including counts for libel, slander, tortious interference with a business relationship, conspiracy, and invasion of privacy.

19.     This Court has jurisdiction and venue is proper pursuant to Fed. R. Civ. P. 13(a)(1)(A) because the subject matter of the claim of Defendants/Counter-Plaintiffs arises from the same transaction or occurrence alleged in the Complaint.

20.     Defendants/Counter-Plaintiffs have satisfied all conditions precedent to bringing this action.

**<u>COUNT I</u>**
**<u>Action For Injunctive Relief For Libel (Defamation Per Se)</u>**
**<u>Against BCR Corp</u>**

21.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

22.     This is an action in equity for an injunction for libel (defamation per se) against Plaintiff/Counter-Defendant, BCR Corp.

23.     BCR Corp, through its agents, wrote and published or caused to be written or published false statements of fact about SCHREIBVOGEL, GWE, and BCR Entertainment regarding their treatment of the animals under their care, and the status of their licensing.

24.     The statements BCR Corp published were not true.

25.     The false statements were published to others, including current and potential customers of SCHREIBVOGEL, GWE, and BCR Entertainment.

26.     The false statements BCR Corp published tended to subject Defendants/Counter-Plaintiffs to hatred, distrust, contempt, or disgrace.

27.     By reason of the foregoing false and libelous statements, willfully and maliciously made and published by BCR Corp, Defendants/Counter-Plaintiffs have been and continue to be greatly injured in character and reputation, fame and credit, and have been brought into public scandal, infamy and disgrace, because those who have learned of said writing believe that the Defendants/Counter-Plaintiffs are guilty of misfeasance or malfeasance sufficient to justify the termination of any business relationships.

28.     All statements made by BCR Corp through its agents were known to be false when made, were without justification or cause and were made maliciously.

29.     As a direct and proximate result, Defendants/Counter-Plaintiffs have sustained and continue to sustain great damage to their reputation.

30.     Defendants/Counter-Plaintiffs will suffer irreparable harm unless the conduct of BCR Corp is enjoined in that Defendants/Counter-Plaintiffs' reputation will be harmed by continued slanderous statements.

31.     Defendants/Counter-Plaintiffs have no adequate remedy at law, as monetary damages remedy past libelous statements only.

32.     A temporary injunction will serve the public interest by allowing Defendants/Counter-Plaintiffs to continue caring for the animals and educating the public on these animals.

**WHEREFORE**, Defendants/Counter-Plaintiffs pray this court enter an order for:

a.     A temporary injunction enjoining BCR Corp and its officers, agents, and employees from making or promulgating any further libelous or otherwise tortious communications until trial on the merits be had and judgment becomes final or as otherwise ordered by the Court.

b.     A permanent injunction permanently enjoining BCR Corp and its officers, agents, and employees from making or promulgating any libelous or otherwise tortious communications restraining the libelous communications; and

c.     Such other relief as this honorable Court may deem just and proper.

<u>**COUNT II**</u>
<u>**Alternate Action For Damages For Libel (Defamation Per Se) Against BCR Corp**</u>

33.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

34.     This is an action for damages in excess of $15,000, exclusive of interest and costs, for libel (defamation per se) against Plaintiff/Counter-Defendant, BCR Corp.

35.     BCR Corp, through its agents, wrote and published or caused to be written or published false statements of fact about SCHREIBVOGEL, GWE, and BCR Entertainment regarding their treatment of the animals under their care, and the status of their licensing.

36.     The statements BCR Corp published were not true.

37.     The false statements were published to others, including current and potential customers of SCHREIBVOGEL, GWE, and BCR Entertainment.

38.     By reason of the foregoing false and libelous statements, willfully and maliciously made and published by BCR Corp, Defendants/Counter-Plaintiffs have been and continue to be greatly injured in character and reputation, fame and credit, and have been brought into public scandal, infamy and disgrace, because those who have learned of said writing believe that the Defendants/Counter-Plaintiffs are guilty of misfeasance or malfeasance sufficient to justify the termination of any business relationships.

39.     All statements made by BCR Corp through its agents were known to be false when made, were without justification or cause and were made maliciously.

40.     As a direct and proximate result, Defendants/Counter-Plaintiffs have sustained and continue to sustain great damage to their reputation and loss of revenue.

**WHEREFORE**, Defendants/Counter-Plaintiffs pray for judgment against BCR Corp for: Monetary damages, including prejudgment interest on all liquidated amounts, and post judgment interest, and such other relief as this Honorable Court may deem just and proper.

## COUNT III
## Action For Injunction For Slander (Defamation Per Se) Against BCCR Corp

41.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

42.     This is an action in equity for an injunction for slander (defamation per se) against Plaintiff/Counter-Defendant, BCR Corp.

43.     BCR Corp, through its agents, spoke false statements of fact about SCHREIBVOGEL, GWE, and BCR Entertainment regarding their treatment of the animals under their care, and the status of their licensing.

44.     The statements BCR Corp made were not true.

45.     The false statements were spoken to others, including current and potential customers of SCHREIBVOGEL, GWE, and BCR Entertainment.

46.     The false statements BCR Corp made tended to subject Defendants/Counter-Plaintiffs to hatred, distrust, contempt, or disgrace.

47.     By reason of the foregoing false and slanderous statements, willfully and maliciously made by BCR Corp, Defendants/Counter-Plaintiffs have been and continue to be greatly injured in character and reputation, fame and credit, and have been brought into public scandal, infamy and disgrace, because those who have learned of said statements believe that the

Defendants/Counter-Plaintiffs are guilty of misfeasance or malfeasance sufficient to justify the termination of any business relationships.

48.     All statements made by BCR Corp through its agents were known to be false when made, were without justification or cause and were made maliciously.

49.     As a direct and proximate result, Defendants/Counter-Plaintiffs have sustained and continue to sustain great damage to their reputation.

50.     Defendants/Counter-Plaintiffs will suffer irreparable harm unless the conduct of BCR Corp is enjoined in that Defendants/Counter-Plaintiffs' reputation will be harmed by continued slanderous statements.

51.     Defendants/Counter-Plaintiffs have no adequate remedy at law, as monetary damages remedy past slanderous statements only.

52.     A temporary injunction will serve the public interest by allowing Defendants/Counter-Plaintiffs to continue caring for the animals and educating the public on these animals.

**WHEREFORE**, Defendants/Counter-Plaintiffs moves this honorable court for:

a.      An entry of order for a temporary injunction enjoining BCR Corp and its officers, agents, and employees from making or promulgating any further slanderous or otherwise tortious communications until trial on the merits be had and judgment becomes final or as otherwise ordered by the Court;

b.      A permanent injunction permanently enjoining BCR Corp and its officers, agents, and employees from making or promulgating any libelous or otherwise tortious communications restraining the slanderous communications; and

c.      Such other relief as this honorable Court may deem just and proper.

<u>**COUNT IV**</u>
<u>**Alternate Action For Damages For Slander (Defamation Per Se) Against BCR Corp**</u>

53.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

54.     This is an action for damages in excess of $15,000, exclusive of interest and costs, for slander (defamation per se) against Plaintiff/Counter-Defendant, BCR Corp.

55.     BCR Corp, through its agents, spoke or caused to be spoken false statements of fact about SCHREIBVOGEL, GWE, and BCR Entertainment regarding their treatment of the animals under their care, and the status of their licensing.

56.     The statements BCR Corp made were not true.

57.     The false statements were made to others, including current and potential customers of SCHREIBVOGEL, GWE, and BCR Entertainment.

58.     By reason of the foregoing false and slanderous statements, willfully and maliciously made by BCR Corp, Defendants/Counter-Plaintiffs have been and continue to be greatly injured in character and reputation, fame and credit, and have been brought into public scandal, infamy and disgrace, because those who have learned of said statements believe that the Defendants/Counter-Plaintiffs are guilty of misfeasance or malfeasance sufficient to justify the termination of any business relationships.

59.     All statements made by BCR Corp through its agents were known to be false when made, were without justification or cause and were made maliciously.

60.     As a direct and proximate result, Defendants/Counter-Plaintiffs have sustained and continue to sustain great damage to their reputation and loss of revenue.

**WHEREFORE**, Defendants/Counter-Plaintiffs moves this honorable court enter and order for judgment against BCR Corp for Monetary damages, including prejudgment interest on all liquidated amounts, and post judgment interest and such other relief as this Honorable Court may deem just and proper.

<u>**COUNT V**</u>
**<u>Action Against BCR Corp For Injunction for Tortious Interference With Advantageous Business Relationships</u>**

61.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

62.     This is an action in equity for an injunction to prohibit further tortious interference with advantageous business relationships against Plaintiff/Counter-Defendant, BCR Corp.

63.     Defendants/Counter-Plaintiffs have developed advantageous business relationships with malls, casinos, fairgrounds, and other entities across the United States including, but not limited to:

     a.    Heartland Mall

     b.    Davis County Fair

     c.    Mounds Mall

     d.    Fremont Mall

     e.    Platte River Mall

     f.    Shop Hutch Mall

     g.    Catfish Bend Casino and Pzazz Resort Hotel

64.     Defendants/Counter-Plaintiffs had three (3) year contracts with malls, fairs, and casinos, including those listed above, which were advantageous and resulted in much needed revenue for their continued operation.

65.     BCR Corp knew of these relationships.

66.     BCR Corp and its agents, officers, and employees intentionally and unjustifiably interfered with Defendants'/Counter-Plaintiffs' relationships with the specific malls, fairs, and casinos listed by inundating them with threatening emails and phone calls and causing regular patrons of these entities to avoid scheduled events.

67.     The conduct, actions and activities of BCR Corp were undertaken with the malicious intent to interfere with the economic relationships by and between the Defendants/Counter-Plaintiffs and the various malls, fairs, and casinos listed as well as other entities yet to be identified.

68.     The tortious conduct, actions and activities of BCR Corp demonstrate a willful, intentional and malicious disregard for the consequences of its actions and are deliberate efforts to cause financial and professional harm to the Defendants/Counter-Plaintiffs.

69.     As a direct and proximate result, Defendants/Counter-Plaintiffs have sustained and continue to sustain great damage to their reputation.

70.     Defendants/Counter-Plaintiffs will suffer irreparable harm unless the conduct of BCR Corp is enjoined in that Defendants/Counter-Plaintiffs' reputation will be harmed by continued tortious conduct.

71.     Defendants/Counter-Plaintiffs have no adequate remedy at law, as monetary damages remedy injury resulting from the termination of past relationships only.

72.     A temporary injunction will serve the public interest by allowing Defendants/Counter-Plaintiffs to continue caring for the animals and educating the public on these animals.

**WHEREFORE**, Defendants/Counter-Plaintiffs moves this honorable court for:

a.     An entry order of a temporary injunction enjoining BCR Corp and its officers, agents, and employees from any interference with the business relationships of Defendants/Counter-Plaintiffs until trial on the merits be had and judgment becomes final or as otherwise ordered by the Court.

b.     A permanent injunction permanently enjoining BCR Corp and its officers, agents, and employees from any interference with the business relationships of Defendants/Counter-Plaintiffs; and

c.     Such other relief as this Honorable Court may deem just and proper.

## COUNT VI
### Action Against BCR Corp For Damages For Tortious Interference With Advantageous Business Relationships

73.     Defendants/Counter-Plaintiffs re-allege and incorporate Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

74.     This is an action for damages in excess of $15,000, exclusive of interest and costs, for the tortious interference with advantageous business relationships against Plaintiff/Counter-Defendant, BCR Corp.

75.     Defendants/Counter-Plaintiffs have developed advantageous business relationships with malls, casinos, fairgrounds, and other entities across the United States including, but not limited to:

    a.       Heartland Mall

    b.       Davis County Fair

    c.       Mounds Mall

    d.       Fremont Mall

    e.       Platte River Mall

    f.       Shop Hutch Mall

    g.       Catfish Bend Casino and Pzazz Resort Hotel

76.    Defendants/Counter-Plaintiffs had three year contracts with malls, fairs, and casinos, including those listed above, which were advantageous and resulted in much needed revenue for their continued operation.

77.    BCR Corp knew of these relationships.

78.    BCR Corp and its agents, officers, and employees intentionally and unjustifiably interfered with Defendants'/Counter-Plaintiffs' relationships with the specific malls, fairs, and casinos listed by inundating them with threatening emails and phone calls and causing regular patrons of these entities to avoid scheduled events.

79.    The conduct, actions and activities of BCR Corp were undertaken with the malicious intent to interfere with the economic relationships by and between the Defendants/Counter-Plaintiffs and the various malls, fairs, and casinos listed as well as other entities yet to be identified.

80.    The tortious conduct, actions and activities of BCR Corp demonstrate a willful, intentional and malicious disregard for the consequences of its actions and are deliberate efforts to cause financial and professional harm to the Defendants/Counter-Plaintiffs.

81.     As a direct and proximate result, Defendants/Counter-Plaintiffs have sustained and continue to sustain great damage to their reputation.

82.     As a direct and proximate result of the foregoing, Defendants/Counter-Plaintiffs have sustained financial loss, loss of business, and other pecuniary damages.

**WHEREFORE,** Defendants/Counter-Plaintiffs pray for judgment against BCR Corp for monetary damages, including prejudgment interest on al liquidated amounts, and post judgment interest, and such other relief as this Honorable Court may deem just and proper.

<u>COUNT VII</u>
<u>Action Against BCR Corp For Damages For Invasion Of Privacy By Placing Schreibvogel
In A False Light</u>

83.     Defendant/Counter-Plaintiff, SCHREIBVOGEL, re-alleges and incorporates Paragraphs 1 through 16 of the Factual Allegations and Paragraphs 17 through 20 of the General Allegations as if fully set forth herein.

84.     This is an action for damages in excess of $15,000, exclusive of interest and costs, for the invasion of privacy by placing SHREIBVOGEL in a false light against Plaintiff/Counter-Defendant, BCR Corp.

85.     The publication and communication of the aforementioned false statements of fact by BCR Corp and its agents, officer, and employees, for the benefit of BCR Corp, placed SCHREIBVOGEL in a false light by making it appear that he harmed baby and adult animals under his care and violated licensing requirements.

86.     This conduct by BCR Corp was highly offensive to SCHREIBVOGEL because it made him appear as though he was malevolent and harmful to the very animals for which he provided.

87.     This constitutes a cause of action under common law for invasion of SCHREIBVOGEL's right to privacy.

88.     As a direct result of BCR Corp's actions, SCHREIBVOGEL lost business, lost income, lost customers, and was harmed thereby.

**WHEREFORE,** SCHREIBVOGEL pray this honorable court enter an order for Judgment

for damages, including prejudgment interest on all liquidated amounts, post judgment interest against BCR Corp and any such other relief as this Honorable Court may deem just and proper.

**WHEREFORE,** Defendants/Counter-Plaintiffs demand judgment against BCR Corp. for the damages suffered by Defendants/Counter-Plaintiffs, including prejudgment interest on all liquidated amounts, punitive damages, post judgment interest against BCR Corp., and the reasonable attorneys fees and costs incurred by Defendants/ Counter-Plaintiffs in connection with this action.

Dated this 29th day of July, 2011.

Respectfully submitted,

**ANDERSON | PINKARD**

*/s/ Eric C. Pinkard, Esq.*
Eric C. Pinkard, Esq.
Florida Bar No.: 651443
Tracy Martinell Henry, Esq.
Florida Bar No.: 0073865
Chioma Hibbert Michel, Esq.
Florida Bar No.: 844381
13577 Feather Sound Drive, Suite 670
Clearwater, FL 33762
Telephone:  (727) 392-1999
Facsimile:  (727) 392-1499
E-mail:  epinkard@floridalawpartners.com
E-mail:  cmichel@floridalawpartners.com
E-mail:  thenry@floridalawpartners.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2011, I caused the foregoing to be electronically filed via the Court's CM/ECF electronic filing system which will serve the following counsel of record with a true and correct copy thereof:

Frank R. Jakes, Esq.
Johnson, Pope Bokor, Ruppel & Burns, LLP
P.O. Box 1100
Tampa, Florida  33601-1100


 */s/ Eric C. Pinkard*
Eric C. Pinkard, Esq.
Florida Bar No.: 651443