Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG CAT RESCUE CORP.,
a Florida not for profit corporation,

    Plaintiff,

-vs-                    CASE NO. 8:11-cv-209-MSS-MAP

BIG CAT RESCUE ENTERTAINMENT
GROUP, INC., et al.,

    Defendants.
_____/

| | |
|---|---|
| DEPOSITION OF: | BENJAMIN LEE BELL, CPA, ABV |
| DATE TAKEN: | Tuesday, July 10, 2012 |
| TIME: | 10:03 a.m. to 11:41 a.m. |
| PLACE: | Johnson Pope Bokor Ruppel & Burns<br>403 East Madison Street<br>Suite 400<br>Tampa, Florida |
| REPORTED BY: | Beverly Replogle<br>Notary Public |


EXHIBIT 5

www.firstchoicereporting.com    First Choice Reporting & Video Services / Worldwide Scheduling    800.939.0093

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)

66df221b-d895-4647-a808-ae688238a5ec

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 2

1  APPEARANCES:

2  FRANK R. JAKES, ESQUIRE
       Johnson, Pope, Bokor, Ruppel & Burns, LLP
3      403 East Madison Street
       4th Floor
4      Tampa, Florida 33602
       813-225-2500
5      frankj@jpfirm.com

6          Appearing on behalf of the Plaintiff

7
   DANIEL W. ANDERSON, ESQUIRE
8      Anderson Law Group
       13577 Feather Sound Drive
9      Suite 670
       Clearwater, Florida 33762
10     727-329-1999
       danderson@floridalawpartners.com
11
           Appearing on behalf of the Defendants
12

13  ALSO PRESENT:

14     Howard Baskin
       Ron Ronz, CPA
15
                     I N D E X
16
   TESTIMONY OF BENJAMIN LEE BELL, CPA, ABV:        PAGE
17
       Direct Examination By Mr. Jakes.............   4
18
       Cross-Examination By Mr. Anderson...........  50
19
       Redirect Examination By Mr. Jakes...........  55
20
   CERTIFICATE OF OATH.............................  56
21
   CERTIFICATE OF REPORTER.........................  57
22
   LETTER TO ATTORNEY..............................  58
23
   ERRATA SHEET....................................  59
24

25                      - - - - -

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)

66df221b-d895-4647-a808-ae688238a5ec

Case 8:11-cv-00209-MSS-SPF   Document 97-5   Filed 08/15/12   Page 3 of 8 PageID 1430

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 3

1               E X H I B I T S

2                                                          PAGE

3    Exhibit Number 1
         Notice of Disclosure of Financial
4        Expert Report dated May 21, 2012, and
         attached Expert Witness Report of
5        Lee Bell, CPA, ABV .......................... 6

6    Exhibit Number 2
         Notice of Service of Amended
7        Financial Expert Report, and attached
         Expert Witness Report of Lee Bell
8        dated June 28, 2012......................... 22

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)

66df221b-d895-4647-a808-ae688238a5ec

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 4

1          THE COURT REPORTER:  Do you swear or affirm
2     that the testimony you are about to give in this
3     cause will be the truth, the whole truth, and
4     nothing but the truth?
5          THE WITNESS:  Yes.
6              BENJAMIN LEE BELL, CPA, ABV,
7  having been first duly sworn, was examined and testified
8  upon his oath as follows:
9                    DIRECT EXAMINATION
10  BY MR. JAKES:
11     Q    State your name.
12     A    **Benjamin Lee Bell.**
13     Q    And by whom are you employed?
14     A    **Saltmarsh, Cleaveland & Gund.**
15     Q    And what is your position with that firm?
16     A    **I'm the shareholder in charge of our office in**
17  **Tampa and the director of our litigation-support practice**
18  **for the firm.**
19     Q    And how many offices does the firm have?
20     A    **We have four offices.**
21     Q    Where?
22     A    **Pensacola, Florida, is our headquarters; and**
23  **then we have an office in Fort Walton Beach, an office in**
24  **Tampa, and an office in Orlando.**
25     Q    How many members in the firm?

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)
66df221b-d895-4647-a808-ae688238a5ec

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 21

1   Q    Okay. And that would be a relevant inquiry as
2   you're trying to calculate damages. Correct?
3   A    Yes.
4   Q    You've got to know when the alleged wrong
5   occurred to start figuring out damages. Right?
6   A    That's correct.
7   Q    Okay. So if I understand, your assumption at
8   the time you rendered this report was that the alleged
9   wrongful conduct had at least begun prior to 2010.
10  Correct?
11  A    That was the assumption that we were operating
12  under, but our report does not state that.
13  Q    Right. And Exhibit I to Exhibit 1, which you
14  received from the defendants through counsel, indicates
15  that the net revenues for the traveling show as of
16  calendar year 2010 was a net number of about $182,000.
17  Correct?
18  A    The number as presented in Exhibit I as
19  represented to us as being net income would be that
20  number, correct.
21  Q    And then you were -- had a comparable exhibit,
22  Exhibit II to your Exhibit 1, your first report, that you
23  received and had the representation that $272,000 was the
24  net revenue for 2011. Correct?
25  A    I believe we used the term "net income," not

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)
66df221b-d895-4647-a808-ae688238a5ec

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 22

1    "net revenue."
2        Q    Sorry.  So in fact notwithstanding the
3    assumption that there had been wrongful interference
4    predating 2010, there had been an increase in income from
5    2010 to 2011.  Correct?
6        A    As stated in these exhibits, yes, the income as
7    presented by the defendants increased from 2010 to 2011
8    for the traveling shows.
9        Q    So in your field that would suggest that there
10   had not been damage.  Correct?
11       A    No.
12       Q    Why did you think there had been damage then, or
13   do you think there had been damage?
14       A    I think it -- that their -- their -- I can't
15   render an opinion on that.
16            (Exhibit Number 2 marked for identification.)
17   BY MR. JAKES:
18       Q    Mr. Bell, we are presenting you with what we
19   marked as Exhibit 2 to your deposition today, which is --
20   the first two pages -- a Notice of Service of Amended
21   Financial Expert Report, and then followed by an expert
22   witness report dated June 28, 2012.
23            Take a moment to look at that, if you would, and
24   confirm for the record that the report is yours.
25       A    Yes, there are two copies of the report and only

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)

66df221b-d895-4647-a808-ae688238a5ec

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 38

1  has not been adjusted for future inflation or other
2  future changes the defendants may experience in their
3  operations."
4   Q   Do you in this report opine as to any damages
5  that were allegedly suffered by the defendants as a
6  consequence of the plaintiff's conduct for the year 2010?
7   A   No.
8   Q   Do you opine as to any calculation of damages
9  that were allegedly suffered by the defendant as a result
10 of the wrongful conduct of the plaintiffs for 2011?
11  A   No.
12  Q   Directing you to page 3 of your June 28th
13 report, which is Exhibit 2, you have a section "Bases for
14 Opinion -- Opinions," excuse me.  Do you see that?
15  A   Yes.
16  Q   In the second paragraph you state, "The
17 financial information provided to us was limited in
18 scope.  Due to the limited information provided to our
19 firm, our approach was to only compute the average for
20 revenue/variable expenses per day of activity for the
21 traveling show for the -- shows for the year 2011.  The
22 financial information provided to us was not agreed to
23 any financial statements, financial" -- excuse me --
24 "accounting records or books of original entry for the
25 defendants."  In parenthetical, "Such financial

First Choice Reporting & Video Services
Worldwide Scheduling
www.firstchoicereporting.com                    800.939.0093

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)      66df221b-d895-4647-a808-ae688238a5ec

Benjamin Lee Bell, CPA, ABV - 7/10/2012

Page 55

1          MR. JAKES:  Object to the form.
2          MR. ANDERSON:  I don't have anything
3    further.
4                REDIRECT EXAMINATION
5    BY MR. JAKES:
6        Q    All right.  In your opinion how much damages
7    has -- had the defendants suffered as a result of any
8    wrongful conduct by the plaintiff?
9        **A    I do not have an opinion.**
10         MR. JAKES:  That's all I have.
11         THE COURT REPORTER:  His right to read and
12    sign?
13         MR. ANDERSON:  He'll read.
14         THE COURT REPORTER:  Do you want this
15    transcribed?
16         MR. JAKES:  Yes.
17         THE COURT REPORTER:  Do you want a copy?
18         MR. ANDERSON:  Yes, please.
19         (Deposition concluded at 11:41 a.m.)
20
21
22
23
24
25

First Choice Reporting & Video Services
www.firstchoicereporting.com   Worldwide Scheduling   800.939.0093

Electronically signed by Beverly Replogle (401-094-245-9990)
Electronically signed by Beverly Replogle (401-094-245-9990)

66df221b-d895-4647-a808-ae688238a5ec