# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG CAT RESCUE CORP.,
a Florida not for profit corporation,

      Plaintiff,

vs.                                Case No.:  8:11-cv-209-MSS-MAP

BIG CAT RESCUE ENTERTAINMENT
GROUP INC., et al.,

      Defendants.
_____/

### DEFENDANTS/COUNTER-PLAINTIFFS' NOTICE OF SERVICE OF AMENDED FINANCIAL EXPERT REPORT

Defendants/Counter-Plaintiffs, Big Cat Rescue Entertainment Group, Inc. ("BCR Entertainment"), G.W. Exotic Animal Memorial Foundation ("GWE"), and Joe Schreibvogel ("Schreibvogel"), by and through their undersigned counsel, pursuant to Fed.R.Civ.P. 26(a)(2), hereby give Notice of Service of the financial expert witness, Lee Bell's Amended Financial Expert Report.

ANDERSON LAW GROUP

_____
Daniel W. Anderson, Esq.
Florida Bar No.:  490873
13577 Feather Sound Dr., Suite 670
Clearwater, FL  33762
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
danderson@floridalawpartners.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing and the Amended

Expert Report has been furnished on this 6th day of July, 2012, by electronic and regular U.S.

mail to:

Frank R. Jakes, Esq.
Aleksas A. Barauskas, Esq.
Johnson, Pope, Bokor, Ruppel
& Burns, LLP
403 E. Madison St., 4th Floor
Tampa, FL  33602

_____

Daniel W. Anderson
Florida Bar No.:  490873

Expert Witness Report of

Lee Bell, CPA, ABV
Shareholder
Saltmarsh, Cleaveland & Gund, P.A.

**in the matter of**

**Big Cat Rescue Corp. v. Big Cat Rescue Entertainment Group, Inc., G.W. Exotic Memorial Animal
Foundation and Joe Schreibvogel**

**June 28, 2012**

## Introduction

We understand that the Defendants in the above matter, Big Cat Rescue Entertainment Group, Inc., G.W. Exotic Memorial Animal Foundation and Joe Schreibvogel ("Defendants"), are seeking damages as a result of interference with business relationships maintained by the Defendants caused by the actions of Big Cat Rescue Corp. ("Plaintiff").

It is our understanding that the Defendants operate a "traveling magic show" and a "traveling road show" (collectively, the "Traveling Shows" - both shows include the exhibition of exotic animals), and that the business relationships of the Defendants were interfered with by the Plaintiff. Exhibit B was prepared and provided to us by the Defendants.  It is our understanding that Exhibit B documents revenue and variable expenses for the Traveling Shows for 2011.

## Assignment

We have been engaged by the law firm of Anderson Pinkard, counsel for Defendant, to provide litigation support services in this matter.  We were asked to assume that Defendant will be able to establish legal liability.  As such, we have not undertaken any work to reach an opinion regarding any legal liability issues in this matter.

We have been requested to provide our preliminary opinion regarding the following:

- Monetary damages to the Defendants caused by actions of the Plaintiff, as a result of the Plaintiff's interference with the business relationships of the Defendants.

## Expert Opinion

Following is our expert opinion:

1. We calculated average revenue and average variable expense per day of activity during 2011.  Days of activity are days when the Traveling Shows operated and earned revenue.

   - The average revenue per Traveling Show day of activity in 2011 is computed as $1,487.22.
   - The average variable expenses per Traveling Show day of activity in 2011 is computed as $574.90.

2. Counsel for the Defendants has asked that we assume that the revenue and variable expenses for 2011 as presented at Exhibit B are a complete presentation of the Defendants' Traveling Show financial activity for 2011, and that this level of financial activity is achievable by the Defendants in future periods.  Under this assumption, the monetary damages per day of activity in the future to the Defendants may be calculated as average revenue per day of activity for 2011 ($1,487.22) less average variable expenses per day of activity in 2011 ($574.90), or $912.32 per day of activity.

Page 2

3. Counsel for the Defendants has also asked us to assume that the same number of days of activity as presented in Exhibit B (241 days) could be experienced by the Defendants in a future 12 month period. Using this further assumption, if the Defendants could operate the Traveling Shows for 241 days in a future 12 month period, and the Defendants do not realize any actual revenue or variable expenses due to the actions of the Plaintiff in that future 12 month period, then the calculated monetary damages would be $219,869.12 (241 days X $912.32) for a 12 month period.  This amount has not been adjusted for future inflation or other future changes the Defendants may experience in their operations.

## Work Performed

We reviewed and considered the following items provided by counsel:

- Defendant's Second Amended Answer, Affirmative Defenses and Counterclaims.
- Various summaries of properties where the Defendant performed Traveling Shows and where agreements to perform Traveling Shows were cancelled due to interference by the Plaintiff.
- G.W. Exotic Animal Foundation tax returns for the years 2002-2011
- Summary of Traveling Shows for 2011 detailing revenues and variable expenses per show compiled by Defendant's accountant.
- Partial summary of Traveling Shows for 2010 and 2009 detailing operating activities compiled by Defendant's accountant.

Further details of work performed are described below under Bases for Opinions.

## Bases for Opinions

### Monetary damages to the Defendants caused by actions of the Plaintiff

We understand that Defendants conduct Traveling Shows as part of its non-profit operation, (Big Cat Rescue Entertainment Group, Inc.).  Our understanding is that the net proceeds of the Traveling Shows contribute to funding the operations of (G.W. Exotic Memorial Animal Foundation).

The financial information provided to us was limited in scope.  Due to the limited information provided to our firm, our approach was to only compute the averages for revenue/variable expenses per day of activity for the Traveling Shows for the year 2011.  The financial information provided to us was not agreed to any financial statements, accounting records or books of original entry for the Defendants (such financial information was not made available to us).  Further, we did not test the clerical accuracy of any information provided to us.

The Defendants (through counsel) has represented to us that the Traveling Shows experienced 241 days of activity during 2011.  Days of activity are days when the Traveling Shows operated and earned revenue.  Days of activity are detailed in Exhibit B (these pages are an excerpt from the documents provided to us and are Bates stamped 310002 to 310006).

The revenue amount provided by the Defendants for the Traveling Shows for 2011 is:  $358,420.96.  The revenue per Traveling Show day of activity in 2011 is computed as $1,487.22 ($358,420.96/241 days).

The variable expenses amount provided by the Defendants for the Traveling Shows for 2011 is:  $138,551.87.  The variable expenses per Traveling Show day of activity in 2011 is computed as $574.90 ($138,551.87/241 days).

**Expert Qualifications**

Lee Bell is a Shareholder with the accounting firm, Saltmarsh, Cleaveland & Gund, P.A.  He has been the firm's Director of Litigation Support and Business Advisory Services for ten years.  Previously, for almost ten years he was an auditor with an international accounting firm.  He is a certified public accountant, licensed to practice in Florida.  He is also Accredited in Business Valuation by the American Institute of Certified Public Accountants.  He has been engaged during the past ten years in complex business issues in commercial litigation.  A copy of his Curriculum Vitae (CV) including current and past employment and professional affiliations is provided at Exhibit A.  Cases in which he has provided trial and/or deposition testimony are listed in his CV.

Our fees are not contingent on the outcome of this litigation.  The fee rate per hour for Lee Bell is $310 and $325 for deposition or trial testimony.

We understand that counsel and the Defendants plan to provide more financial information to our firm to assist us in calculating a more detailed analysis and calculation of past and future damages to the Defendants caused by the actions of the Plaintiffs.  As such, there remains work of our firm that we have contemplated, but not yet prepared or completed.  We also contemplate the preparation of possible demonstrative exhibits, preparation to testify, and attendance at depositions and trial.


_____
Lee Bell, CPA, ABV
Shareholder
Saltmarsh, Cleaveland & Gund, P.A.

# Exhibit A

## Curriculum Vitae

### Benjamin Lee Bell, CPA, ABV

| | |
|---|---|
| *Firm* | Saltmarsh, Cleaveland & Gund, P.A. |
| *Firm Classification* | Shareholder<br>Director of Litigation Support & Business Advisory Services |
| *Education, Certification and Accreditation* | B.B.A., Harding University<br>    *Summa Cum Laude*<br>    Major - Accounting<br><br>Licensed to practice as a Certified Public Accountant in the state of Florida<br><br>Accredited in Business Valuation (ABV) by the American Institute of Certified Public Accountants |
| *Professional History* | Individual in charge of the Litigation Support & Business Advisory practices for Saltmarsh, Cleaveland & Gund, P.A. Regularly works with clients regarding mergers and acquisitions, business valuation and litigation support, including the provision of expert witness testimony. Also actively serves a variety of assurance clients of the firm.<br><br>Career began as an auditor with international accounting firm of Ernst & Young. Served entrepreneurial service companies and SEC registrants, including healthcare corporations, various manufacturing concerns and global integrated petroleum companies while with Ernst & Young. |
| *Range of Experience* | Experience includes depositions and testimony as expert witness, assistance to counsel in preparing for depositions and cross examination of opposing expert witnesses, valuation of closely-held business interests, and assistance in litigation strategy. Additionally, over thirteen years practice in audit, business advisory and general business planning. |
| *Summary of Significant Valuation and Litigation Experience* | Valuation Services - Retained to perform valuations of closely-held businesses for purchase or sale, dissenting shareholder actions, marital litigation and estate tax purposes.<br><br>Litigation Support - Provided litigation support services in damage assessment for individual economic losses, lost business profits and stockholder suits. |

## Exhibit A (continued)

*Recent Testimony Experience*

*Flagg v. Brown & Brown:* Served as expert witness and provided testimony regarding insurance commissions – Florida circuit court

*Palmerton v. Palmerton:* Served as expert witness and provided testimony regarding financial holdings of both parties – Florida circuit court

*The Boat Outlet v. Looriz:* Served as expert witness and provided testimony regarding future income to injured customer – Florida circuit court

*Bankruptcy of Knight:* Served as expert witness as to the cash flows of the Knight's business and real property in federal bankruptcy court in Mobile, AL

*Hull v. Hull:* Served as expert witness and provided testimony in divorce proceedings – Florida circuit court

*Mark Barrett vs. Scott Steel, Inc.:* Served as expert witness and provided trial testimony and deposition testimony – minority stockholder oppression matter – Florida circuit court

*Griffith vs. Griffith:* Served as expert witness and provided testimony in divorce proceedings – Florida circuit court

*Other:* Have been deposed and provided extensive consulting services to attorneys for many other cases in preparation for potential litigation or trial

*Affiliations - Professional*

Member of American Institute of Certified Public Accountants
Member of Florida Institute of Certified Public Accountants
Affiliate Member, Hillsborough County Bar Association
Affiliate Member, Florida Bankers Association