IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| BIG CAT RESCUE CORP.,<br>a Florida not for profit corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BIG CAT RESCUE ENTERTAINMENT<br>GROUP, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 8:11-cv-00209-MSS-MAP |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS/COUNTERCLAIMANTS' SECOND AMENDED COUNTERCLAIM

Plaintiff, Big Cat Rescue Corp. ("BCR"), by and through its undersigned counsel, pursuant to Rule 56, Fed. R. Civ. P., and this Court's Amended Case Management and Scheduling Order (Doc. 57), replies in further support of its Motion for Summary Judgment (Doc. 97) (hereinafter, "Motion") against Defendants/Counterclaimants BIG CAT RESCUE ENTERTAINMENT GROUP, INC. ("BCRE"); G.W. EXOTIC MEMORIAL ANIMAL FOUNDATION d/b/a Big Cat Rescue Entertainment Group ("G.W. Exotic"); and JOE SCHREIBVOGEL a/k/a Joe Exotic a/k/a Aarron Alex a/k/a Cody Ryan ("Schreibvogel") (BCRE, G.W. Exotic, and Schreibvogel all collectively "Counterclaimants") on their Second Amended Counterclaims (Doc. 54) ("SAC"), as set forth in the following Memorandum.

## MEMORANDUM

### I.   Counterclaimants – and not BCR – misinterpret the applicable legal standard.

BCR filed a defensive motion for summary judgment on Counterclaimants' claims. Counterclaimants' notion that BCR must come forward with evidence to disprove

Counterclaimants' claims or to somehow prove the absence of evidence to support their claims has been rejected by the United States Supreme Court.[1]  The Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986), found "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim" on a defensive summary judgment motion because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and . . . it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-24, 106 S. Ct. at 2553 (emphasis in original).  Rather, "the burden on the moving party may be discharged by 'showing' – that is, point[ing] out to the district court that there is an absence of evidence to support the nonmoving party's case," and BCR has done just that.  *Id.*, 477 U.S. at 325, 106 S. Ct. at 2554.  BCR has pointed out to this Court that there is an absence of proof supporting each essential element of Counterclaimants' claims: that Counterclaimants have been damaged, that BCR (and specifically the falsity of allegedly actionable statements made by BCR) was the proximate cause of any of Counterclaimants' alleged damages, that Counterclaimants had identifiable business relationships with which BCR allegedly interfered, and that any of Counterclaimants' alleged damages were the result of false, unprivileged actionable statements made by BCR.[2]

The nonmoving party – Counterclaimants here – must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*, 477 U.S. at 324,

---

[1]  As a result, the legal standard and burden of proof advanced by Counterclaimants at pages 1, 6-8, 10-11, and 17-19 of their Opposition to BCR's Motion (Doc. 110) (hereinafter, "Opposition" or "Opp.") are incorrect.

[2]  In fact, on the essential elements of damages, proximate causation, and actionable statements, BCR has gone above and beyond its burden by presenting this Court with uncontroverted evidence refuting Counterclaimants' claims.

106 S. Ct. at 2553.[3]  Counterclaimants were required to come forward with evidence supporting each and every essential element of their claims; failure to come forward with evidence as to any one essential element of their claims is fatal to Counterclaimants' SAC.  Counterclaimants have failed to carry their burden and summary judgment is appropriate.

Counterclaimants' reliance on this Court's Order (Doc. 103) denying BCR's motion to dismiss Counterclaimants' SAC is also misplaced.  The Court's Order acknowledges the low threshold to survive a motion to dismiss, with the test whether the pleader plead enough facts – which are accepted as true – to state a claim for relief.[4]  (Doc. 103 at 2-3).  As a result, the Court's Order has no "law of the case" implications because that principle only applies to bind district and appellate courts by a "prior appellate decision in the same case," to "preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal." *Cooper v. Secretary, Dept. of Corrections*, 2011 WL 795812, *10 (M.D. Fla. Mar. 1, 2011).  Because there was no appeal and the same issues were not litigated (due to the different legal standard and inquiry on a motion to dismiss versus this Motion), this Court's Order denying BCR's motion to dismiss does not have any preclusive effect on the instant Motion as envisioned by the law of the case doctrine.[5]  That Order did not render BCR's Motion moot, and it did not eliminate Counterclaimants' burden to avoid summary judgment.

---

[3]     *See also, Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) & *Basile v. Massaro*, 2012 WL 3940282, *3 (M.D. Fla. Sept. 10, 2012) (both citing *Celotex* with approval for applicable legal standard on defensive summary judgment motion).

[4]     In analyzing BCR's challenge to Counterclaimants' tortious interference claims, the Court acknowledged that "[w]hether Defendants will prevail against a summary judgment motion or at trial remains to be determined." (Doc. 103 at 9).

[5]     Counterclaimants' fallback positions that discovery must be reopened (Doc. 110, note 1), that they have not had equal access to evidence (Doc. 110 at 4), and that BCR filed its summary judgment motion prior to the expiration of discovery (Doc. 110 at 4) have been addressed in BCR's Opposition to Counterclaimants' request to reopen discovery and enlarge their deadline to respond to BCR's Motion.  (Doc. 109).  It is unclear – and Counterclaimants do not clarify – how Counterclaimants did not have equal access to discovery and why they need

3

## II.   The scant evidence submitted by Counterclaimants is not evidence at all.

Because BCR demonstrated the complete absence of evidence supporting Counterclaimants' SAC, the burden shifts to Counterclaimants to come forward with evidence demonstrating a genuine issue of material fact as to each and every essential element of their claims. Counterclaimants have responded to BCR's Motion with the following "evidence":

- Schreibvogel's conclusory, unsupported statement that he has been damaged between $15 and $30 million (Doc. 110 at 6 & Ex. 5[6]) and Defendants' conclusory, unsupported interrogatory responses[7] (Doc. 110 at 8 & Ex. 2)[8];

- Unsworn expert reports of Lee Bell[9], Bhagavan Antle, and Lynn Culver[10] (Doc. 110 at 6-7, 13-14 & Ex. 1);

---

to take more discovery when Counterclaimants' own claims are the claims at issue, and the same discovery period – which expired months ago – applied to all parties.

[6]     As part of a hearing, this Court observed serious flaws in Counterclaimants' damage model; moreover, Counterclaimants failed to support this flawed damage model with any evidence. *See, e.g.,* Doc. 110, Ex. 5 at 43-46. Further, these inflated figures are not at all consistent with the purported damages calculated in Mr. Bell's unsworn, inadmissible expert report.

[7]     Counterclaimants' interrogatory responses (Doc. 110, Ex. 2) are unresponsive and unsupported; the responses reference "attached" financial documentation which was neither provided nor attached to Counterclaimants' Opposition.

[8]     "[C]onclusory allegations based on subjective beliefs" are not "sufficient to create a genuine issue of material fact." *Downey v. Washington,* 2012 WL 1405701, *4 (M.D. Fla. Apr. 23, 2012) (citing *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000) & *Holifield v. Reno,* 115 F.3d 1555, 1564, n. 6 (11th Cir. 1997) (stating that "conclusory assertions . . . in the absence of supporting evidence, are insufficient to withstand summary judgment")). *See also, Weaver v. Mateer and Harbert, P.A.,* 2012 WL 3065362, *2 n. 4 (M.D. Fla. July 27, 2012) (citing *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991) ("a nonmoving party, opposing a motion for summary judgment supported by affidavits cannot meet the burden of coming forth with relevant competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial")).

[9]     Mr. Bell's expert report (Doc. 110, Ex. 1) should not be considered because it is unsworn. This report is also an amended report disclosed well after the expert report disclosure deadline. By its own terms, the report is also premised on the assumption that Counterclaimants can establish legal liability and have produced accurate financial records (but no financial records were attached to Counterclaimants' Opposition), which Mr. Bell acknowledged were "limited in scope." (Doc. 110, Ex. 1 at 2-3).   Moreover, Mr. Bell only calculates Counterclaimants' 2011 revenue, meaning that (1) he can offer no opinion on damages before 2011, (2) Counterclaimants could not have suffered damages in 2011 (as it is the baseline year for Mr. Bell's damage calculation), and (3) he can offer no opinion regarding damages in 2012 or the future. The extent of Mr. Bell's expert analysis is that he relied on Counterclaimants' summary of their financial records, calculated the average revenue received per show, and determined, if an appearance was cancelled, the average lost revenue by assuming that the average revenue received would be replicated.

[10]    "Unsworn statements do not meet the requirements of Fed. Rule Civ. Proc. 56(e) and cannot be considered by a district court in ruling on a summary judgment motion." *Carr v. Tatangelo,* 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 n. 17, 90 S. Ct. 1598, 1608-09 n. 17, 26 L.E.2d

- Counterclaimants' witness list[11] (Doc. 110 at 8 & Ex. 3);

- Transcript from Deposition of Susan Bass[12] (Doc. 110 at 9); and

- Schreibvogel's hearsay testimony regarding what venues told him[13] (Doc. 110 at 9-10).

## III.    Counterclaimants have failed to meet their burden on any essential element of their claims.

Counterclaimants have failed to satisfy their burden and come forward with evidence supporting the essential elements of their claims: when "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

### a.  Damages

Counterclaimants have not been damaged, and Counterclaimants do not have any evidence of their alleged damages.  Counterclaimants have failed to contradict Schreibvogel's own statement that Counterclaimants have not been damaged (and in fact, have been helped) by BCR. Schreibvogel's statement is clearly not hearsay under Federal Rule of Evidence 801(d)(2) and, even if hearsay, subject to the exception at Federal Rule of Evidence 804(b)(3).

---

142 (1970) (holding district court properly refused to consider unsworn expert report on summary judgment). *See also, Diamond Heads, LLC v. Everingham*, 2009 WL 1046067, *6 n. 11 (M.D. Fla. Apr. 20, 2009) (citing *Carr & Adickes*).

[11]    This unsworn document is not evidence of anything, as a list of witnesses – without sworn deposition testimony or affidavits – does not mean that witnesses, if they attend trial, will testify favorably for Counterclaimants.

[12]    Ms. Bass's testimony is misstated by Counterclaimants; Ms. Bass does not come anywhere close to testifying that venues would not allow Counterclaimants' traveling exhibit as a direct result of her efforts.

[13]    Even Counterclaimants acknowledge that inadmissible hearsay should not be considered on summary judgment. (Doc. 110 at 7).

Accordingly, this Court should properly consider Schreibvogel's highly probative statements against Counterclaimants' interests.

More importantly, Counterclaimants have failed to offer any substantive evidence of their damages. Counterclaimants only offered the following "evidence" which, as discussed above, is not proper for consideration on summary judgment: (1) Schreibvogel's conclusory, unsupported hearing and deposition testimony; (2) Counterclaimants' conclusory, unsupported interrogatories; and (3) an unsworn expert report.

To clarify a point made in BCR's Motion and misconstrued in Counterclaimants' Opposition, notwithstanding Counterclaimants' admission that they have not been damaged and the complete absence of substantive evidence contradicting their admission or supporting their claim for damages, BCRE and Schreibvogel have also not been damaged because any proceeds they receive pass directly to G.W. Exotic. Counterclaimants speculate that BCRE and Schreibvogel may have been damaged, but this speculation is not supported by evidence and is contradicted by the deposition testimony cited in BCR's Motion.[14]   Thus, even if Counterclaimants could offer proof of their damages (which they cannot), at most only G.W. Exotic has a claim for damages.

### b. Proximate Causation

The complete absence of proximate causation evidence – evidence tying Counterclaimants' alleged damages to BCR's allegedly actionable conduct generally and the falsity of BCR's alleged statements specifically – provides yet another basis for this Court to grant BCR's Motion. In fact, the supposed "evidence" supporting proximate causation is even more lacking than the "evidence" of Counterclaimants' alleged damages. Counterclaimants only

---

[14]      *See, e.g.,* Motion, Ex. 2 at 72:2-5 ("[BCRE] is really just [G.W. Exotic]") & Ex. 3 at 43:2-44:1 (Schreibvogel did not personally lose revenue).

furnish Schreibvogel's hearsay testimony regarding what various venues purportedly told him were the reasons they cancelled Counterclaimants' scheduled appearances, as well as a list of witnesses (without any deposition transcripts or sworn statements) and Ms. Susan Bass's mischaracterized deposition testimony. Counterclaimants seem to concede that their evidence of proximate causation is wholly lacking by incorrectly shifting the burden to BCR to prove that any of Counterclaimants' alleged damages have not been caused by BCR. BCR even furnished this Court with evidence that other animal rights activists or supporters advocated for the cancellation of Counterclaimants' appearances. *See, e.g.,* Motion at 9 n. 3. As a result, Counterclaimants have failed to satisfy their burden, and summary judgment is appropriate.

### c.  Identifiable Business Relationships

Counterclaimants have failed to come forward with any evidence of their existing business relationships. Their interrogatory responses are unsupported (and unresponsive) and not in any way consistent with the allegations in Counterclaimants' SAC.[15] Grasping at straws, Counterclaimants contend that BCR fails to account for the possibility that Counterclaimants' existing business relationships may have been oral, but Counterclaimants have furnished this Court with no evidence supporting this rank speculation. Even if Counterclaimants proved that they had made prior appearances (which they have not done through their Opposition), the only way to prove an existing relationship would have been through the various venues directly.

### d.  Alleged False and Unprivileged Statements

A statement must be false to be actionable. (Doc. 103 at 3 & 6). As a result, to be actionable, Counterclaimants bear the burden to prove that each and every statement allegedly

---

[15]     *See, e.g.,* Doc. 54, ¶11 (Counterclaimants "had a business relationship with General Growth Properties, Inc. which is comprised of approximately 136 regional and super-regional malls in the United States.") and Doc. 110, Ex. 2 at 2 (list of seven (7) malls owned or operated by General Growth Properties, Inc. at which Counterclaimants ever appeared and with which they contend they had an ongoing business relationship).

made by BCR is false. Counterclaimants have relied on inadmissible conclusory, unsupported statements and inadmissible unsworn expert reports[16], and have failed to properly refute the summary judgment evidence produced by BCR proving the veracity of the alleged statements.

Contrary to Counterclaimants' assertion at page 2 of its Opposition, BCR's mission is not to put Counterclaimants out of business. See, e.g., Doc. 110, Ex. 5 at 53:5-8 & 61:23-62:5. BCR does not argue that it can say anything; it argues that it can make statements that are privileged, opinion, and/or true. Counterclaimants have failed to provide any competent, admissible summary judgment evidence to refute BCR's proof that its alleged statements were protected as privileged, opinion, and/or true.

Because BCR asserted that the allegedly actionable statements were protected as privileged and/or opinion, it was Counterclaimants' burden to respond with evidence of express malice to overcome this protection.[17] Counterclaimants have failed to satisfy this evidentiary burden.

## IV.   Conclusion

The following table summarizes the complete absence of Counterclaimants' evidence supporting the essential elements of their claims and their failure to refute BCR's contradictory evidence:

---

[16]   Counterclaimants' reliance on two unsworn expert reports must be summarily disregarded, particularly when Counterclaimants prevented BCR from taking those experts' depositions. See, Doc. 109 at 4.

[17]   See, e.g., Shaw v. R.J. Reynolds Tobacco Co., 818 F. Supp. 1539 (M.D. Fla. 1993) (Court granted defensive summary judgment on defamation claim due to plaintiff's failure to provide any evidence of express malice to satisfy plaintiff's burden of rebutting a presumption of good faith raised by the defense of qualified privilege).

## Essential Elements of Counterclaimants' SAC & Record Evidence

| Essential Elements | Counterclaimants' Admissible Evidence | Counterclaimants' Inadmissible Evidence | BCR's Evidence |
|---|---|---|---|
| Counterclaimants' Damages | None | Schreibvogel's unsupported, conclusory testimony that Counterclaimants were damaged between $15 and $30 million, and an unsworn expert report. (Opp. at 6-7 & Ex. 1). | Schreibvogel's statement that BCR helped and did not hurt Counterclaimants. (Motion at 7). Counterclaimants' deposition testimony that all operational revenue passes to G.W. Exotic, meaning that BCRE and Schreibvogel could not have been damaged. (Motion, Exs. 1-4). |
| Proximate Causation | None | Counterclaimants' conclusory, unsupported interrogatory responses, which only list venues and do not state that any venues cancelled as a result of BCR's actionable conduct. (Opp. at 8 & Ex. 2). Counterclaimants' witness list. (Opp. at 8 & Ex. 3). Mischaracterized deposition testimony of Ms. Susan Bass. (Opp. at 9 & Ex. 4). Schreibvogel's hearsay testimony that some malls cancelled after being contacted by BCR, which does not mean that cancellation was a result of the falsity of BCR's statements. (Opp. at 9-10 & Ex. 5). | None, as it is not BCR's burden. |
| Identifiable Business Relationships | None | None | None, as it is not BCR's burden. |

| Actionable Statements | None | Counterclaimants attempted to prove the falsity of some of the alleged statements through unsworn expert reports and Schreibvogel's conclusory, unsupported statements. (Opp. at 13-18 & Exs. 6-7). | BCR offered uncontroverted evidence of the truth of the allegedly actionable statements. (Motion at 11-18). |
| --- | --- | --- | --- |
| | | Counterclaimants offered no evidence to challenge BCR's privilege or to demonstrate express malice to defeat BCR's privilege. | BCR offered uncontroverted evidence of the privilege of its allegedly actionable statements. (Motion at 10). |
| | | Counterclaimants offered no evidence to refute BCR's contention that its allegedly actionable statements were protected opinion. | BCR offered uncontroverted evidence of the bases that its allegedly actionable statements were protected opinion. (Motion at 11-18). |

In light of the foregoing, because Counterclaimants have failed to satisfy their evidentiary burden on summary judgment as to any essential element of their SAC, this Court should grant BCR's Motion and enter summary judgment in BCR's favor on Counterclaimants' SAC, and grant such further relief as it finds appropriate under the circumstances.

/s/ Frank R. Jakes
FRANK R. JAKES, FBN 372226
E-Mail: frankj@jpfirm.com
ALEKSAS A. BARAUSKAS, FBN 0068175
E-Mail: aleksasb@jpfirm.com
JOHNSON, POPE, BOKOR, RUPPEL
  & BURNS, LLP
403 E. Madison Street, 4th Floor
Tampa, FL 33602
Tel: (813) 225-2500; Fax: (813) 223-7118

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 28, 2012, I filed the foregoing using the CM/ECF electronic filing system, which will serve a copy of the foregoing on all counsel of record, including the following counsel for the Counterclaimants:

Tracy M. Henry, Esq. & Daniel W. Anderson, Esq.
The Anderson Law Group, P.A.
13577 Feather Sound Drive, Suite 670
Clearwater, Florida 33762
Telephone: (727)329-1999;Fax:(727)329-1499

/s/ Frank R. Jakes
FRANK R. JAKES, FBN 372226
E-Mail: frankj@jpfirm.com
ALEKSAS A. BARAUSKAS, FBN 0068175
E-Mail: aleksasb@jpfirm.com

1096426