## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BIG CAT RESCUE CORP., a Florida
not-for-profit corporation,**
                              **Plaintiff,**

**v.**                                                          **CASE NO.: 8:11-CV-209-MSS-MAP**

**BIG CAT RESCUE ENTERTAINMENT
GROUP, INC., an Oklahoma corporation;
G.W. EXOTIC MEMORIAL ANIMAL
FOUNDATION d/b/a BIG CAT RESCUE
ENTERTAINMENT GROUP, an Oklahoma
corporation; JOE SCHREIBVOGEL,
a/k/a Joe Exotic a/k/a Aarron Alex a/k/a
Cody Ryan, individually,**
                              **Defendants.**
_____/

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of the Motion for
Summary Judgment (Dkt. 97) filed by Plaintiff/Counter-Defendant Big Cat Rescue
Corporation; the Response filed in opposition thereto filed by Defendants/Counter-
Plaintiffs, Big Cat Rescue Entertainment Group, Inc., G.W. Exotic Memorial Animal
Foundation, and Joe Schreibvogel (Dkt. 110); and the Reply filed by Plaintiff.  (Dkt. 112)
Upon consideration of all relevant filings, case law, and being otherwise fully advised,
the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. 97), as described
herein.

I.   **FACTS**

     a.  **Procedural History:**

     Plaintiff/Counter-Defendant, Big Cat Rescue Corporation, ("Plaintiff") filed this
action alleging (1) infringement of a federally registered trademark, (2) false designation

of origin under § 43 (a) of the Lanham Act, 15 U.S.C. §1125(a), (3) common law unfair competition, and (4) common law trademark infringement against Defendants/Counter-Plaintiffs, Big Cat Rescue Entertainment Group, Inc., G.W. Exotic Memorial Animal Foundation, and Joe Schreibvogel[1] (collectively "Defendants").  (Dkt. 1)  In response, Defendants filed their Second Amended Answer, Affirmative Defenses, and Counterclaims, alleging (1) libel, (2) slander, and (3) tortious interference with advantageous business relationships against Plaintiff.  (Id.)  By this motion, Plaintiff seeks summary judgment on all of Defendants' Counterclaims.  (Dkt. 97)

    b.  **Undisputed Facts:**

    Plaintiff is a Florida not-for-profit corporation that operates a sanctuary for non-domesticated large felines, including tigers.  (Dkt. 105)  Plaintiff opposes breeding, exhibiting, and petting non-domesticated large felines, including juvenile and adult tigers.  (Id.)  Part of Plaintiff's mission is to advocate the end to these practices which it considers to be inhumane.  (Id.)  As a part of Plaintiff's advocacy efforts, it contacts businesses hosting exhibits of non-domesticated large felines and furnishes them with information about the exhibitors or animal breeders. (Dkt. 45-1 at P. 2)

    Defendant G.W. Exotic Memorial Animal Foundation ("G.W. Exotic") is a corporation that operates an animal facility in Oklahoma, which houses various animals, including non-domesticated large felines.  (Dkts. 105; 39-3)  Defendant Joe Schreibvogel ("Schreibvogel") is a principal of G.W. Exotic.  (Dkt. 105) In 2010, G.W. Exotic and Schreibvogel created Big Cat Rescue Entertainment Group, Inc. and adopted the name Big Cat Rescue Entertainment ("BCRE").  (Id.)  BCRE operates

---

[1] Beth Corley and Vicky Welch were also defendants. Plaintiff, on June 20, 2011, gave the Court notice of voluntary dismissal without prejudice as to Ms. Corley and Ms. Welch.  (Dkt. 21)

traveling shows, incorporating non-domesticated large felines. (Dkt. 39-3 at P.2) Plaintiff believes that animal breeders and exhibitors like Defendants engage in animal abuse and exploitation and that it is Plaintiff's mission to eliminate these practices. (Dkt. 45-1 at P. 2)

Defendants allege that Plaintiff has defamed Defendants and interfered with Defendants' advantageous business relationships, which has resulted in the cancellation of Defendants' traveling exhibitions. As a remedy, Defendants seek both injunctive relief and damages. Plaintiff counters and argues, *inter alia*, that Defendants have no provable damages and that the statements it made regarding Defendants were privileged and either constituted opinion or were true statements.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party. Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356). A moving party may also discharge its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving

party's case. <u>Denney v. City of Albany</u>, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. <u>Porter v. Ray</u>, 461 F.3d 1315, 1320-1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. <u>Evers v. Gen. Motors Corp.</u>, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## III.  DISCUSSION

Plaintiff asserts that it is entitled to summary judgment because Defendants have failed to establish that they have suffered actual, ascertainable damages caused by Plaintiff's conduct. (Dkt. 97) Plaintiff also asserts that it is protected from liability because of privilege and because its statements either constituted opinion or were true statements. (<u>Id.</u>) Defendants argue that they have established with certainty that they suffered damages caused by the actions of Plaintiff. (Dkt. 110) Defendants further argue that Plaintiff is not protected from liability because Plaintiff is not entitled to privilege and whether or not the statements are true presents a genuine issue of material fact. (<u>Id.</u>)

a. Damages

    i. *Defendants, BCRE and Schreibvogel, failed to present evidence that they suffered damages.*

Plaintiff argues that Defendants BCRE and Schreibvogel could not have suffered damages caused by Plaintiff's conduct because Defendants admit that all proceeds from Defendants' operations passed to G.W. Exotic. (Id. at P. 7)  Plaintiff further argues that Defendant G.W. Exotic's damage claim is speculative and its damages are not readily ascertainable. Defendant responds that "there is no indication from Mr. Schreibvogel as to whether this money is distributed to himself or [BCRE].  Simply put, [Plaintiff] has offered no evidence that would indicate that Defendants/Counter-Plaintiffs have not suffered damages."  (Dkt. 110 at P. 6)

Proof of actual damage is an essential element in both a tortious business interference claim and a defamation claim.  For a party to prevail on a tortious business interference claim, the party must show that he or she suffered damages as a result of the intentional and unjustified interference with an existing business relationship.  See Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994).  For a party to prevail on a cause of action for defamation, it must prove that defendant: (1) made a statement; (2) that was false; (3) to a third party; and (4) the claimant suffered damages as a result.  Shaw v. R.J. Reynolds Tobacco Co., 818 F. Supp. 1539, 1541 (M.D. Fla. 1993); Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) ("Under Florida law, proof of 'actual damage' is an essential element of a defamation action.").

However, proof of actual damages is not necessary to prove a cause of action for defamation per se because general damages are presumed.  Bobenhausen v. Cassat

Ave. Mobile Homes, Inc., 344 So. 2d 279, 281 (Fla. 1st DCA 1977)("Words which are actionable in themselves, or per se, necessarily import general damages and need not be pleaded or proved but are conclusively presumed to result."). Unprivileged oral communication is actionable per se if the statement imputes to another (1) a criminal offense amounting to a felony; (2) an existing venereal or other loathsome and communicable disease; (3) conduct, characteristics, or a condition incompatible with the proper exercise of the person's lawful business, trade, profession, or office; or (4) the person's acts of un-chastity. Campbell v. Jacksonville Kennel Club, 66 So. 2d 495, 497 (Fla. 1953). Unprivileged written communication is actionable per se if, when considered alone without innuendo, it (1) charges that a person has committed an infamous crime or (2) tends to injure one in his trade or profession. See Richard v. Gray, 62 So.2d 597, 598 (Fla.1953).

At the summary judgment phase in the litigation, the moving party bears the burden of showing that no genuine issue of material fact exists. Clark., 929 F.2d at 608. However, a moving party may satisfy this very burden by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. Denney, 247 F.3d at 1181.

In this case, Plaintiff has pointed out to the Court that Defendants Schreibvogel and BCRE have failed to provide any evidence establishing, or even identifying, damages suffered by Schreibvogel or BCRE. Defendant Schreibvogel conceded in his deposition that he did not personally lose any revenue from any alleged loss of show contracts. (Dkt. 97-3 at P.44). In addition, Defendant Schreibvogel admitted that the revenue from the magic shows goes to G.W. Exotic; according to Schreibvogel,

"everything went through G.W." (Dkt. 97-3 at P.43). (Id.) Also, before this Court on February 28, 2012, Defendant Schreibvogel represented that the money derived from the shows went to maintaining the property, paying the staff, and feeding the animals. (Dkt. 58 at P. 46)

Plaintiff has discharged its burden of showing the Court that there is an absence of evidence regarding damages, which is an essential element of Defendants' case. As such, Defendants must identify specific facts (by affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1320-1321 (11th Cir. 2006). Apparently confused about the legal framework under which a motion for summary judgment is reviewed, Defendants assert that they have no obligation to prove their case on summary judgment, and that Plaintiff cannot rely on the absence of facts to prompt a showing by Defendants, who bear the burden of proof on this counter-claim and all of its attendant elements. On this mistaken assumption, Defendants have declined to present evidence establishing that Defendants BCRE and Schreibvogel suffered any damages at all.

Defendants argue without documentation that any damage suffered by G.W. Exotic is also suffered by Schreibvogel as the principal. This argument, however, is unpersuasive as there is no indication that the money initially distributed to G.W. Exotic would be distributed to Schreibvogel, the principal, or any other entity, including BCRE. Accordingly, the motion for summary judgment is hereby **GRANTED** as to Counts III and IV, Defendants BCRE and Schreibvogel's action for injunction for tortious interference with advantageous business relationships, and their action for damages for tortious interference with advantageous business relationships.

ii. *Defendant G.W. Exotic's Damages are speculative and unascertainable*

Plaintiff also challenges Defendant G.W. Exotic's damage claim as speculative and not readily ascertainable.  As support for its argument, Plaintiff cites to the different amounts of damages that G.W. Exotic has asserted throughout this litigation. Defendants counter, asserting that their damages are quantifiable and cite the expert witness report of Lee Bell.  (Dkt. 110-1)

Under Florida law, damages cannot be speculative.  See Nebula Glass Intern., Inc. v. Reichhold, Inc., 454 F.3d 1203, 1213 (11th Cir.2006); W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348, 1350–51 (Fla.1989); Asgrow-Kilgore Co. v. Mulford Hickerson Corp., 301 So.2d 441, 445 (Fla. 1974).  Under Florida law, "[t]he general rule is that anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss." Levitt–ANSCA Towne Park Partnership v. Smith & Co., Inc., 873 So.2d 392, 396 (Fla. 4th DCA 2004).  Nonetheless, a plaintiff may obtain this generally disfavored form of relief by presenting sufficient evidence to determine damages for lost profits with a reasonable degree of certainty, rather than by means of speculation and conjecture. See Cibran Enterprises, Inc. v. BP Products N. Am., Inc., 365 F.Supp.2d 1241, 1254 n. 2 (S.D.Fla.2005); see also HGI Associates, Inc. v. Wetmore Printing Co., 427 F.3d 867, 879 (11th Cir.2005); Sostchin v. Doll Enters., Inc., 847 So.2d 1123, 1128 (Fla. 3d DCA 2003).

Here, Defendant G.W. Exotic has failed to prove its damages with reasonable certainty.  Defendant G.W. Exotic is seeking loss of present, past, and future profits due to cancellation of road shows as asserted in answers to Plaintiff's interrogatories.  (Dkt.

110-2 at 5)   However, when required to show that its damages are not speculative, Defendant relies on an unsworn expert report, which the Court cannot consider because the report fails to comport with the requirements of Federal Rule of Civil Procedure 56 (e). Carr v. Tatangelo, 338 F.3d 1259, 1273 n. 26.   Although Mr. Bell's deposition was taken, Defendants do not offer any pertinent portion of it to shore up or verify the report. Only Plaintiff offers portions of Bell's deposition, which portions are not helpful to Defendants on this point.   Even if the Court were to consider the expert report, the report does not offer evidence from which Defendants could prove with reasonable certainty Defendant G.W. Exotic's damages.   (Dkt 110-1)   For example, the expert report does not speak to Defendant G.W. Exotic's damages for losses predating 2011 or losses for future profits.   The "expert" Lee Bell only computed the averages for revenue/variable expenses per day of activity for the Traveling Shows for the year 2011 because Defendants provided limited financial data. (Id.)   Mr. Bell admitted during his deposition that the year 2011 represented an increase in revenue for the traveling shows from 2010. (Id.)   As such, 2011 could not be proffered as an accurate baseline for the alleged damages resulting from cancelled shows in years before 2011.

Moreover, the expert report is not competent proof of the loss of future profits because the analysis assumes that the same number of days of activity experienced in 2011 would be experienced by the Defendants in an unspecified future 12 month period. Further, this conjectural estimation for the unspecified future 12 month period does not take into consideration future inflation or other further changes the Defendants might experience in their own operations.   (Id.) More importantly, no evidence is offered by way of affidavit or deposition testimony that all such future years would offer the

same or sufficiently similar business opportunities for Defendant G.W. Exotic, but for Plaintiff's alleged conduct. Again, Defendants seemingly confuse the burden imposed on a non-movant when a movant presents argument that an absence of facts warrants entry of judgment in its favor.

Accordingly, the motion for summary judgment is hereby **GRANTED** as to Counts III and IV, Defendant G.W. Exotic's actions for tortious interference with advantageous business relationships.

b. Plaintiff's Asserted Defenses to Defendants Defamation Per Se Claims

Defendants' claims for defamation per se (Counts I and II) are unaffected by their failure to offer any evidence of damages because damages are presumed. Plaintiff, however, argues that these claims suffer from another fatal defect in the absence of competent countervailing evidence in opposition to the Plaintiff's motion for summary judgment. Specifically, Plaintiff asserts that the statements that serve as the gravamen of Defendants' defamation per se claims were privileged because the statements were made in good faith to listeners who expressed an interest in Plaintiff's cause or to venues that were hosting or contemplating hosting Defendants' animal exhibition. Plaintiff also asserts that it made the statements with and to groups within the sphere of Plaintiff's expertise. Plaintiff argues, therefore, that the statements it made to third-parties about Defendants and their practices were privileged and not actionable for either defamation claims or a tortious interference with advantageous business relationships claim.[2] Plaintiff is correct in its assertion that:

---

[2] Absent proof of defamation or slander, the statements cannot serve as an unjustified interference, which is the basis for the tortious interference with advantageous business relationships claim. See GNB, Inc. v. United Danco Batteries, Inc., 627 So. 2d 492, 494 (Fla. 2d DCA 1993)(stating "if a defendant has a valid business purpose, '[t]he unchallengeable controlling principle is that so long as improper means are

> In Florida, a statement made by one having an interest or duty in the subject matter thereof, to another person having a corresponding interest or duty therein, is conditionally privileged, even though the statement may be false and otherwise actionable. <u>Axelrod v. Califano</u>,357 So.2d 1048, 1051 (Fla. 1st DCA 1978). The nature of the duty or interest may be public, personal or private, either legal, judicial, political, moral, or social. It need not be one having the force of a legal obligation; it may be one of imperfect obligation. The interest may arise out of the relationship or status of the parties. <u>Leonard v. Wilson</u>, 150 Fla. 503, 8 So.2d 12 (1942). It is called a qualified or conditional privilege, because the libelous statement must be made in good faith, that is, with a good motive, and not for the purpose of harming the subject of the defamation. <u>Drennen v. Washington Electric Corp.</u>,328 So.2d 52, 55 (Fla. 1st DCA 1976).

<u>Lewis v. Evans</u>, 406 So. 2d 489 (Fla. 2d DCA 1981);  <u>see also</u> <u>Gunder Auto Center v. State Farm Mu. Auto Ins. Co.</u>, 422 Fed. Appx. 819, 821 (11th Cir. 2011)(citing <u>Nodar v. Galbreath</u>, 462 So. 2d 803, 809 (Fla. 1984)).

Against this standard, Plaintiff offers the deposition testimony of Susan Bass, its public relations representative, who testified that she made the statements Defendants contend are false to "listeners with a corresponding interest, namely venues hosting animal exhibitions (Dkt. 97-7 at P. 9-10) and animal activists which support BCR." (Dkt. 97 at P. 10)

Again, apparently confused about their obligations on summary judgment, Defendants harken back to the Court's Order on the motion to dismiss, suggesting that because they were found to have sufficiently pled a claim, they need not offer evidence in response to a motion on summary judgment challenging whether they have evidence to prove such a claim.  Defendants argue:

---

not employed, activities taken to safeguard or promote one's own …interests are entirely nonactionable.'") (quoting  Sec. Title Guarantee Corp. of Baltimore v. McDill Columbus Corp., 543 So. 2d 852, 855 (Fla. 2d DCA 1989)).Moreover, the single publication/single action rule does not permit multiple actions when they arise from the same publication upon which a failed defamation claim is based. Ovadia v. Bloom, 756 So.2d 137, 141 (Fla. 3d DCA 2000) Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp., 831 So. 2d 204, 208 (Fla. 4th DCA 2002) ("[I]f the defamation count fails, the other counts based on the same publication must fail as well because the same privileges and defenses apply.").

> [T]his is the same argument that BCR made in its Motion to Dismiss
> Defendants'/Counter-Plaintiffs' Second Amended Counterclaim. (DE 56 at
> p. 13). The Court has already rejected this argument in its Order denying
> BCR's Motion. (DE 103 at p. 10-11). As such, the Court's prior ruling is the
> law of the case and BCR is precluded from rearguing the same points of
> law that it did in its Motion to Dismiss. . . .  Accordingly, the Court should not
> again consider this argument because it has already ruled that the
> defamatory statements made by BCR are not privileged.

(Dkt. 110)    Defendants are mistaken that the Court rejected Plaintiff's privilege

argument in the Order on the motion to dismiss.  In the Order, the Court evaluated the

sufficiency of the allegations in the Counterclaim to establish the defense of privilege;

the Court, however, did not evaluate the sufficiency of the evidence to support such

defense.  Further, the Court declined to reach the question of whether privilege existed

or did not exist because of the absence of a sufficient factual basis on the face of the

Counterclaim and because of the need to develop the evidence during the course of

discovery and litigation.  See (Dkt. 103).

    As such, the only evidence on the record of the persons or entities to whom the

statements were made, their relative interests in the subject matter discussed, their

relationship to the speaker and to Defendants and Plaintiff's agent's motive for making

the statements is the evidence proffered by Plaintiff.  That uncontroverted evidence is

sufficient to establish both that the qualified privilege attached to the statements and

that the statements were made without actual malice.  That is to say, Ms. Bass made

the statements to various malls and venues that had an interest in the subject matter

and a corresponding general duty to act on it, or the statements were made between

Plaintiff and its common social interest groups who expressed a corresponding interest

in the information.  Additionally, the statements were made with a permissive motive—

education, as to the mall and venue listeners and social activism as to the other interest group listeners.

Accordingly, the statements are privileged as a matter of law, and the motion for summary judgment is hereby **GRANTED** as to Counts I and II, Defendants BCRE, G.W. Exotic, and Schreibvogel's action for damages for libel (defamation per se), and their action for damages for slander (defamation per se).

IV.    **CONCLUSION**

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment (Dkt. 43) is **GRANTED.**

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of February  2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

13